UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERT LYNN BARCROFT,

Plaintiff,

v.

KENNETH VERN GIBBS, et al.,

Defendants.

Civil Action No. 16-550 (JDB)

**MEMORANDUM OPINION**

Pro se plaintiff Albert Lynn Barcroft has brought this action against defendants Kenneth Vern Gibbs and Candace Gibbs Walton for breach of contract arising out of a series of events in Texas. In short, Barcroft alleges that defendants promised to sell a valuable piece of property in exchange for his efforts to help them recover their interests in a family estate, but that they later refused to make the sale. Am. Compl. [ECF No. 7] ¶¶ 14, 17, 28–29. Barcroft claims that under the terms of the contract he is entitled to at least five million dollars in damages. Id. ¶ 52. Defendants have moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, and improper venue.

As an initial matter, it is doubtful the Court has subject matter jurisdiction over this case. Barcroft claims that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(4) because he is a "foreign state" under 28 U.S.C. § 1603. Am. Compl. ¶¶ 5, 11. Barcroft asserts he is "the direct posterity of the sovereign American people who organized, implemented, and created the [sic] 'The United states of America,'" and that as an "organ of the Union of the several states" he is therefore a "foreign state." Id. ¶ 8 (footnote omitted). But Barcroft's argument is neither novel nor meritorious. See Utah Dep't of Workforce Servs. v. Geddes, No. 2:13-CV-24 TS, 2013 WL 1367025, at *2 (D. Utah Apr. 4, 2013) (rejecting claim that self-styled "sovereign American" was

1

a foreign state); see also United States v. Biggs, 273 F. App'x 88, 89 (2d Cir. 2008) (summary order); United States v. Boyce, 38 F. Supp. 3d 1135, 1147 (C.D. Cal. 2014). In fact, Barcroft himself has already lost this argument (at least) once before. See United States v. Barcroft, No. 4:07CV100, 2008 WL 4412242, at *1–2 (E.D. Tex. Sept. 23, 2008). Given that the Supreme Court has held that even an individual acting in his official capacity for a foreign government cannot qualify as a "foreign state" under § 1603, Samantar v. Yousuf, 560 U.S. 305, 313–19 (2010), it is quite clear that Barcroft's fanciful "sovereign American" argument must fail. And it is uncertain whether diversity jurisdiction exists once Barcroft is properly reduced to the status of mere mortal, because the Court is uncertain where Barcroft was domiciled when he commenced this action. Thankfully, the Court need not definitively decide whether subject matter jurisdiction exists because it can easily dismiss the claims against Gibbs and Walton for lack of personal jurisdiction. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 578 (1999) (holding that the question of personal jurisdiction may be decided before subject matter jurisdiction).

A plaintiff bears the burden of establishing that the Court has personal jurisdiction over each defendant who moves to dismiss under Rule 12(b)(2). FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d 1087, 1091 (D.C. Cir. 2008). To establish jurisdiction, a plaintiff cannot rest on conclusory statements but "must allege specific acts connecting the defendant with the forum." Second Amendment Found. v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001) (internal quotation marks and alteration omitted). A federal court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). This Court therefore has personal jurisdiction over Gibbs and Walton only if authorized by either D.C. Code § 13-422, governing

general personal jurisdiction, or D.C. Code § 13-423, governing specific personal jurisdiction. See, e.g., Associated Producers, LTD v. Vanderbilt Univ., 76 F. Supp. 3d 154, 162 (D.D.C. 2014).

The Court may exercise general personal jurisdiction over a party "domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia." D.C. Code § 13-422. But Gibbs and Walton are not domiciled in the District of Columbia. They aver that they are residents of Texas—and Barcroft in fact said the same in his original complaint, see Compl. [ECF No. 1] ¶¶ 2–3. Barcroft amended his complaint to allege that defendants are "legal resident[s] of the District of Columbia" because they are "citizen[s] of the United States as created and defined by the Fourteenth Amendment and pursuant to 28 U.S.C. § [1]332 (c) & (e)" and thus "subject to the jurisdiction and venue of the primary court for the District of Columbia." Am. Compl. ¶¶ 3–4 (emphases omitted). But this is nonsense. Gibbs and Walton are not D.C. residents merely because they are U.S. citizens; otherwise, virtually all Americans would be. Because Barcroft has pled no facts to show that Gibbs and Walton are domiciled (or maintain a principal place of business) in D.C., the Court may not exercise general personal jurisdiction over them pursuant to § 13-422.

Alternatively, the relevant portion of the D.C. long-arm statute authorizes "personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia." D.C. Code § 13-423(a)(1). Barcroft argues that the long-arm statute applies because the defendants "transact business in the District of Columbia every time they use their social security number." Pl.'s Resp. to Defs.' Mot. to Dismiss [ECF No. 5] ¶ 11. But that theory is doubly flawed. First, the mere possession and use of a social security number is not enough to demonstrate that a defendant has transacted business in D.C. See Pease v. Burke, 535 F. Supp. 2d 150, 153 (D.D.C. 2008) (rejecting the argument that

3

"defendants are subject to the Court's jurisdiction merely because they obtained a federal identification number"). Otherwise, here too virtually every American could be subject to jurisdiction in D.C. Second, Barcroft has not pled a claim "arising from" defendants' use of their social security numbers. D.C. Code § 13-423(b). Rather, his claim arises from an alleged breach of contract having nothing to do with defendants' social security numbers. Because Barcroft does not allege, nor does the Court find, that any other provision of the long-arm statute is applicable in this case, the Court has no basis to exercise specific jurisdiction over defendants under § 13-423.

Moreover, this Court's exercise of personal jurisdiction over Gibbs and Walton would violate the constitutional requirement of due process. To satisfy due process a defendant must have such "minimum contacts" with the forum that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Additionally, "the defendant's conduct and connection with the forum State" must be "such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Other than Gibbs's and Walton's status as U.S. citizens and their use of social security numbers (which is irrelevant), Barcroft has failed to plead that defendants maintain any contacts or ties with the District of Columbia. Indeed, there is nothing to indicate that they could reasonably have anticipated being sued here. Accordingly, the Court may not exercise personal jurisdiction over Gibbs and Walton without violating due process.

Having resolved this case with regard to the claims against Gibbs and Walton, the Court will now address Barcroft's attempt to join additional defendants Christy L. Lee and Patrick W. Ferchill. Eight days after filing his First Amended Complaint (which named only Gibbs and Walton as defendants), Barcroft filed what he dubbed "Plaintiff's Permissive Joinder of Additional

Parties," which he described as a "supplement and/or addition to the First Amended Complaint," Pl.'s Notice [ECF No. 12] ¶ 2. But a party may only "amend its pleading <u>once</u> as a matter of course," Fed. R. Civ. P. 15(a)(1) (emphasis added), so Barcroft needs the Court's permission to amend his pleading a second time to add Lee and Ferchill as defendants, Fed. R. Civ. P. 15(a)(2).

Rule 15 requires the Court to "freely give leave [to amend] when justice so requires," but leave is properly denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Here, Barcroft has not asked the Court's permission to amend his complaint. Further, the Court doubts whether it has personal jurisdiction over the new defendants or subject matter jurisdiction over the proposed claims against them. Accordingly, if Barcroft wishes to add Lee and Ferchill as defendants, he must file a motion for leave to amend his First Amended Complaint by not later than July 27, 2016. At a minimum, his motion must explain why amendment will not be futile in light of the jurisdictional principles discussed in this opinion.

Two separate orders will issue.

/s/
JOHN D. BATES
United States District Judge

Dated: <u>July 6, 2016</u>